# IN THE UNITED STATES DISTRICT COURT,
## IN AND FOR THE CENTRAL DISTRICT OF UTAH

| | |
|---|---|
| CAROLYN FORD,<br><br>            Plaintiff,<br>vs.<br><br>H & H PROPRIETARY, LLC, a Utah Limited Liability Company, and John Does I – X, XYZ Corporations and/or Limited Liability Companies I – X.<br><br>            Defendants. | **JUDGMENT AND ORDER OF PERMANENT INJUNCTION**<br><br>Case No. 2:16-CV-00551-DB<br><br>Judge Dee Benson |

This matter came before the Court pursuant to the motion of Plaintiff Carolyn Ford for the entry of default judgment against Defendant H&H Proprietary, LLC ("H&H") under Rule 55 of the Federal Rules of Civil Procedure. H&H was duly served with process on June 10, 2016 and has failed to answer or otherwise respond to the Complaint. The Clerk of Court entered the default of H&H on July 18, 2016.

**BASIS FOR PERMANENT INJUNCTION**:

      A.     Defendant owns the real property located at 169 E. Main Street, Lehi, UT 84043 (the "Premises") and multiple businesses operate thereon.

      B.     The Premises is a public accommodation as defined in 42 U.S.C. §12181(7)(B).

      C.     The Premises contains multiple barriers to access by individuals with disabilities in violation of 42 U.S.C. §12182(a). These barriers to access constitute discrimination under §12182(a).

    D.      The specific barriers to access present at the Premises include the following:

        i.      The Premises has no van accessible space, access aisle or sign as required by ADAAG.[1]

        ii.     The two (2) spaces with a painted handicapped symbol on the ground do not include a sign located sixty (60) inches above the ground surface so that they are not obscured by a vehicle parked in the spaces.[2]

        iii.    The spaces do not have a sign with the International Symbol of Accessibility as required by ADAAG.[3]

        iv.    The spaces do not have painted and marked access aisles as required by ADAAG.[4]

        v.     Each of the two (2) accessible spaces and the access aisles have surface slopes exceeding 1:48 (2%) which violates ADAAG.[5]

        vi.    By placing the ramp in what appears to be the intended access aisle, the slope of the access aisle has been caused to be significantly steeper in that portion than is allowed by ADAAG (specifically the access aisles have slopes that equal to or greater than 8.5 % and 6.5% on the flat down portion of the ramps and greater than 5% on the side flairs), causing a level access aisle to not stretch the full length of the parking space.[6]

        i.      The Premises only has two (2) accessible spaces even though three (3) are required under ADAAG for the Premises.

    E.      These barriers to access on the Premises violate 42 U.S.C. §12183(a)(1) and §12188(a)(2) mandates an injunction to remedy said violations. An injunction is necessary to ensure that the Premises is readily accessible to Plaintiff and other individuals with disabilities.

---

[1] 1991 Standard §§4.7.2, 4.7.5.; 2010 Standard §§406.2, 406.3, 406.4, 502.2, 502.3, 502.4.
[2] 1991 Standard §4.6.4.; 2010 Standard §502.6.
[3] 1991 Standard §4.6.4.; 2010 Standard §502.6.
[4] 1991 Standard §4.1.2.; 2010 Standard §§502.2, 502.3., 502.3.1.
[5] 1991 Standard §4.6.3.; 2010 Standard §502.4.
[6] 1991 Standard §4.6.6, 2010 Standard § 502.4.

  F.  Plaintiff Carolyn Ford is an individual with a disability who uses a wheel chair and who has suffered an injury-in-fact and will be injured in the future of the barriers to access on the Premises are not removed.

  **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that judgment is entered against Defendant H&H Proprietary, LLC in favor of Plaintiff Carolyn Ford as follows:

  A.  Pursuant to 42 U.S.C. §12188(1)(2), H&H is permanently enjoined from maintaining architectural barriers to access by individuals with disabilities on its Premises and ordered to alter its Premises to make it readily accessible to individuals with disabilities as follows:

   i.  Defendant shall provide at least the minimum number of accessible parking spaces required by ADAAG §208.2, specifically by adding at least one (1) additional accessible space on the Premises.

   ii.  Defendant shall provide a van accessible space, access aisle and appropriate signage as required by ADAAG §§406.2, 406.3, 406.4, 502.2, 502.3 and 502.4.

   iii.  Defendant shall install appropriate signage for the two (2) accessible spaces marked with the International Symbol of Accessibility on the ground, specifically including signs displaying the International Symbol of Accessibility located sixty (60) inches above the ground surface so that they are not obscured by a vehicle parked in the spaces as required by ADAAG §502.6.

   iv.  Defendant shall provide marked access aisles that extend the full length of the accessible spaces they serve, as required by ADAAG §§502.2, 502.3, 502.4 and 502.3.1.

   v.  Defendant shall modify all accessible spaces and access aisles to ensure that the surface slope of those spaces does not exceed 1:48 (2%) as required by ADAAG §502.4.

B.    An actual controversy exists between Plaintiff Carolyn Ford and H&H in regards to each of H&H's violations of the ADA. Carolyn Ford is a disabled person who has been and will continue being subjected to discrimination on the basis of her disability in violation of the ADA and has standing to bring suit against H&H pursuant to 42 U.S.C. §12188.

C.    Judgment against H&H for creation of a public nuisance Utah Code Ann. §78B-6-1101 by maintaining barriers to access by disabled persons on its premises, in an amount to be determined at an evidentiary hearing to be held later.

D.    Judgment for disgorgement for H&H's unjust enrichment/wrongful gains obtained by failing to construct the Premises in a way that complies with the ADA and aids access thereto by disabled persons in an amount to be determined at an evidentiary hearing to be held later.

E.    Judgment against H&H for Plaintiff's attorney's fees and costs in the amount of $3,608.00 incurred in bringing this action pursuant to 42 U.S.C. §12205 and Utah Code Ann. §78B-6-1102(2).

F.    Judgment against Defendant H&H for any and all further attorney's fees and costs incurred in enforcing this order pursuant to 42 U.S.C. §12205, to be shown by affidavit.

SO ORDERED this 19th day of January, 2017

BY THE COURT

_____

United States Judge Dee Benson